John D. Bennett, S.
This is an application under section 193-b of the Civil Practice Act by an alleged creditor for leave to intervene in this proceeding commenced by Dorothy Rubin to revoke letters testamentary issued to Leo Rubin, one of the coexecutors.
The attorneys for the applicant in their memorandum state their position as follows: “ Intervention under our practice is governed by § 193-b of the Civil Practice Act. Subdivision 1 of this section relates to mandatory intervention. The applicant does not claim to fall within this subdivision. Subdivision 2 relates to permissive intervention. It is on this subdivision, and particularly part 1 b ’ thereof, that the instant application is based.”
The relevant portions of section 193-b are as follows:
“ 2. Upon timely application any person may be permitted to intervene in an action * * * (b) when an applicant’s claim or defense and the main action have a question of law or fact in common. * * *
“ 3. A person desiring to intervene shall serve a notice of motion to intervene upon all parties who have appeared. The notice shall state the grounds for the motion and shall be accompanied by a proposed pleading setting forth the claim or defense for which intervention is sought. ’ ’
No proposed pleading has been served with the motion papers, but under section 316 of the Surrogate’s Court Act provisions of law applicable to practice or procedure in the Supreme Court apply to this court insofar as they can be applied to the substance and subject matter of a proceeding without regard to its form. If the papers submitted on this application contained information as to what the claim or defense of the applicant is, this court might waive the technical defect that such allegations were not incorporated in a separate paper designated as a proposed pleading.
However, not only do the applicant’s papers submitted fail to set forth any claim or defense, but his memorandum shows that he has no claim or defense at this time and has taken no definitive position in this matter:
11 The applicant for intervention should be made a party to this proceeding so that he may, if he finds that Leo Rubin has not been guilty of misconduct, join with him in preventing the *633 revocation of his letters, and, if he finds that Leo Rubin has been guilty of misconduct, join with petitioner to cause Leo Rubin’s letter to be revoked. ’ ’
The stated purposes of the right to intervene, as provided under section 193-b, are fully examined in the Twelfth Annual Report of the New York Judicial Council (1946, pp. 218-232). Discussing the proposed change in practice under subdivision 2 (par. [b]), the report states (p. 226):
“A significant change in the present New York practice relating to intervention will be effected by proposed subdivision 2(b) which permits intervention in the discretion of the court when ‘ an applicant’s claim or defense and the main action have a question of law or fact in common. ’
“ The quoted provision * s * ‘ will facilitate the disposal in one action of claims involving common questions of law or fact, and thus avoid both court congestion and undue delay and expense to all parties.’ ”
It is clear that this stated purpose of subdivision 2 (par. [b]) will not be served under the circumstances that exist here. Not only does the applicant appear not to have any claim or defense whose disposition in this proceeding will avoid court congestion or a multiplicity of suits, but his presence at the trial of this proceeding can only serve to delay its ultimate disposition. The motion is denied without prejudice to the timely renewal thereof on proper papers.
Settle order on five days’ notice.